THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 24, 2019



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

| | |
|---|---|
| Tamika King,<br>　　　Debtor. | Case No. 17-31741-beh<br>Chapter 7 |
| Tatiana Taylor,<br>　　　Debtor. | Case No. 18-26201-bhl<br>Chapter 7 |

### CERIFICATION TO THE DISTRICT COURT FOR CRIMINAL CONTEMPT

This matter is before the Court on the United States Trustee's recommendation that two cases be certified to the United States District Court for prosecution of possible criminal contempt. The United States Trustee seeks criminal sanctions against Ms. Carolyn A. Word (a/k/a Ms. Carolyn Dixon a/k/a Ms. Carolyn Winters) (hereinafter referred to as "Ms. Word") for her repeated violations of 11 U.S.C. § 110 and of a prior bankruptcy court order. Ms. Word timely responded to the U.S. Trustee's recommendation.

The Court does not find Ms. Word's arguments persuasive. Because it is unclear whether the bankruptcy court has authority under 18 U.S.C. § 401(3) to conduct criminal contempt proceedings, the Court certifies these factual findings to the United States District Court.

**Factual Background**

Ms. Word is a bankruptcy petition preparer ("BPP") as the term is defined in 11 U.S.C. § 110(a)(1). Her experience with bankruptcy courts spans the course of at least a decade.

In 2008, the U.S. Trustee first filed a complaint against Ms. Word based on her violations of § 110, and the result was an order which enjoined Ms. Word from "engaging in any conduct in violation of § 110." *Neary v. Little*, Adv. Case No. 08-2278, ECF Doc. No. 27 (March 30, 2009). Nonetheless, Ms. Word continued to violate § 110, specifically by charging BPP fees in excess of the district-approved presumably reasonable amount ($75) and failing to disclose her involvement with cases. The bankruptcy court then issued a permanent injunction barring Ms. Word from practicing as a BPP in the Eastern District of Wisconsin and imposing sanctions totaling $4,500 (hereinafter referred to as the "Permanent Injunction Order"). *Neary v. Dixon*, Adv. Case No. 10-02465, ECF Doc. No. 7 (October 27, 2010).[1] After the U.S. Trustee made extensive efforts to serve her in person, Ms. Word was served the Permanent Injunction Order on January 17, 2012.[2] To date, she has not paid the $4,500 in sanctions.

In 2017, one of the present jointly-administered cases was filed by the debtor, Ms. Tamika King. *In re King*, Case No. 17-31741. At a hearing regarding Ms. King's request to waive the Chapter 7 filing fee, the Court was notified of Ms. Word's participation in the case. Case No. 17-31741, ECF Doc. No. 14 (Jan. 12, 2018). Subsequently, Ms. King filed a receipt showing that she was charged $525 for BPP services. Case No. 17-31741, ECF Doc. No. 15 (Jan. 16, 2018). The U.S. Trustee sought and obtained an order to conduct a Rule 2004 Examination of both Ms. King and Ms. Word. Case No. 17-31741, ECF Doc. No. 25 (Feb. 26, 2018). After Ms. Word's failure to appear at the first scheduled examination, the Court issued an order to compel her to appear for a second examination. Case No. 17-31741, ECF Doc. No. 32 (April 2, 2018). Ms. Word again failed to appear, and the U.S. Trustee filed a motion for civil contempt against Ms. Word based on her actions. Case No. 17-31741, ECF Doc. No. 34 (April 26, 2018). After a hearing on this motion, at which Ms. Word did not appear, the Court issued an order for Ms. Word to show cause as to why she should not be held in civil contempt and be subject to sanctions. Case No. 17-31741, ECF Doc. No. 39 (May 25, 2018). Serving Ms. Word with the order proved difficult as the BNC was unable to deliver it and the U.S. Trustee attempted numerous times to serve her. After enlisting the United States Marshal Service, she finally was personally served on July

---

[1] In addition to the $4,500 of sanctions, the Permanent Injunction Order also required Ms. Word to disgorge the $350.00 fee she received from the debtor in that case, Ms. Tamara Wallace.

[2] Service was attempted eight times by Badger Process Service to no avail, then sent by U.S. mail, upon which it was returned as undeliverable. Service was accomplished only after Ms. Word appeared by telephone at a January 13, 2012 hearing in a case for a different debtor, Ms. Lashelle White. The matter of that hearing was an order to show cause why Ms. Word should not be sanctioned or held in contempt for violating the court's order prohibiting her from preparing petitions. Ms. Word informed the court that she did not know of the injunction and provided the court with her new address. A U.S. Marshal then served her at the new address. *In re White*, Case No. 11-36132, ECF Doc. Nos. 19–20 (Jan. 18–19, 2012).

10, 2018. Case No. 17-31741, ECF Doc. No. 51 (July 31, 2018). Ms. Word disputes that she provided any BPP services to Ms. King. Case No. 17-31741, ECF Doc. Nos. 102 and 103; Case No. 18-26201, ECF Doc. Nos. 56 and 54 (April 2, 2019).

In 2018, the other of the present jointly-administered cases was filed by the debtor, Ms. Tatiana Taylor. *In re Taylor*, Case No. 18-26201. The U.S. Trustee learned of Ms. Word's participation in Ms. Taylor's case and moved for Ms. King's and Ms. Taylor's cases to be jointly-administered for the purposes of having an evidentiary hearing on the order to show cause from Ms. King's case. Case No. 18-26201, ECF Doc. No. 15 (July 31, 2018) (motion granted at ECF Doc. No. 17 (Aug. 1, 2018)). Ms. Taylor testified that she paid Ms. Word $200 to prepare her bankruptcy schedules and petition, but that Ms. Word instructed Ms. Taylor not to disclose this information to the Chapter 7 trustee or the Court. Ms. Word disputes that she made these instructions for the purpose of her own protection and argues that it was only to assist Ms. Taylor in asking the Court to grant a waiver of her bankruptcy filing fee. Case No. 17-31741, ECF Doc. Nos. 102 and 103; Case No. 18-26201, ECF Doc. Nos. 56 and 54 (April 2, 2019).

On September 10, 2018, Ms. Word filed her own bankruptcy petition. *In re Word*, Case No. 18-28654. Her counsel then sent a letter to the Court advising it of the bankruptcy petition and proposing that the litigation in the jointly-administered cases be stayed. Case No. 17-31741, ECF Doc. No. 70; Case No. 18-26201, ECF Doc. No. 29 (Sept. 27, 2019). After discussion, the parties stipulated that the automatic stay would be modified to allow the litigation in the jointly-administered cases to proceed. Case No. 18-28654, ECF Doc. No. 27 (Oct. 30, 2018).

Further discussions led to a stipulation between the U.S. Trustee and Ms. Word, where Ms. Word concedes that she intentionally violated § 110 several times, which in turn violated the Permanent Injunction Order. Case No. 17-31741, ECF Doc. No. 94; Case No. 18-26201, ECF Doc. No. 47 (March 11, 2019). The Court approved the stipulation, which also provided for the disgorgement of fees and payments of fines (hereinafter referred to as the "Stipulation Order"). Case No. 17-31741, ECF Doc. No. 96; Case No. 18-26201, ECF Doc. No. 49 (March 21, 2019). Ms. Word was to disgorge $750 in BPP fees to Ms. King and Ms. Wallace no later than March 30, 2019. *Id.* Ms. Word's counsel subsequently provided evidence of these payments. Ms. Word also is to pay the U.S. Trustee an amount of $4,500 of fines from the Permanent Injunction Order, its payment being outstanding since 2010. *Id.* Ms. Word also is to pay $9,000 in fines and sanctions, which represents a tripling of fines assessed under § 110(l)(1) for preparing documents for filing in a manner that failed to disclose the identity of the BPP. *Id.*; 11 U.S.C. § 110(l)(2)(D). That sanction, (($2,000 + $500 + $500) x 3 = $9,000), is to be

paid to the U.S. Trustee.  *Id.*  In total, the Stipulation Order directs Ms. Word to pay **$15,824.53** for her various intentional violations, of which, a balance exceeding $15,000 remains to be paid by deadlines ranging over the next two years.  *Id.*  The Stipulation Order notes that these fines and sanctions are deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).  *Id.*

As a final potential sanction, in light of Ms. Word's "long history of evasion," the U.S. Trustee asked that the Court certify Ms. Word's case to the U.S. District Court for further proceedings.  Case No. 17-31741, ECF Doc. No. 97; Case No. 18-26201, ECF Doc. No. 51 (March 22, 2019).  Ms. Word's counsel submitted a response urging that the Court decline to make such a certification, arguing that the lapse of time between the Permanent Injunction Order and any subsequent violations should give the Court pause.  Case No. 17-31741, ECF Doc. Nos. 102 and 103; Case No. 18-26201, ECF Doc. Nos. 56 and 54 (April 2, 2019).

## Authority and Discussion

To establish civil contempt, the movant must show, by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by his or her conduct violated the terms of the decree, and had at least constructive knowledge of such violations; and (4) that the movant suffered harm as a result.  *Manz v. Bridgestone Firestone North Am. Tire, LLC*, 533 F.3d 578, 590–91 (7th Cir. 2008) (quoting *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

In this case, the U.S. Trustee has met his burden for at least a finding of civil contempt.  The alleged contemnor, Ms. Word, does not dispute the bankruptcy court's permanent injunction order from 2010.  Nor does Ms. Word dispute that, eventually, and despite efforts to evade service, she ultimately received actual notice of the injunction order.  Ms. Word now concedes that she disregarded the permanent injunction order, provided BPP services to Ms. Taylor in 2018, charged Ms. Taylor more than the district-approved fee, and deliberately instructed Ms. Taylor to hide the payment information from the Chapter 7 trustee and from the Court.  Ms. Word gave the instructions to conceal this information despite Ms. Taylor's own duty to respond truthfully to questions.  Ms. Word's asserted rationale for her instructions matters not.  Ms. Word violated the injunction by her surreptitious work as a BPP, and she arguably tried to suborn perjury from Ms. Taylor by asking her to answer falsely on her bankruptcy petitions.  *See* Case No. 18-26201, ECF Doc. No. 1, at page 52 (June 22, 2018).  There is harm to the public when bankruptcy laws are so abused.  *See In Re South Beach Secs., Inc.*, 606 F.3d 366, 371 (7th Cir. 2010).  This is a harm that the U.S. Trustee is designated to protect against.

The U.S. Trustee asked the Court to determine whether the elements for criminal contempt are met, and if so, to certify the matter to the U.S. District Court for possible prosecution. *See U.S. v. Guariglia*, 962 F.2d 160, 162 (2d Cir. 1992) (holding a party in criminal contempt for violating a statutory injunction issued by the bankruptcy court).

The same conduct described above also supports a finding of criminal contempt. In order to establish criminal contempt, the alleged contemnor must have willfully violated a clear and reasonably specific lawful order. *U.S. v. Hoover*, 240 F.3d 593, 596 (7th Cir. 2001); *In re Johnson*, 2016 WL 11271937, at *5 (Bankr. S.D. Ill. Jan. 5, 2016); 18 U.S.C. § 104(3). Ms. Word does not dispute the clarity or specificity of the permanent injunction order from 2010 that barred her from serving as a BPP. Nor does she dispute the willfulness of her violations; she offers only a rationale of deflection.

## Conclusion

The Court finds that Ms. Carolyn A. Word has both willfully and contemptuously violated the permanent injunction order enjoining her from providing bankruptcy petition preparer services in the Eastern District of Wisconsin entered on October 27, 2010, in *Neary v. Dixon* (*In re Wallace*), Adv. Case No. 10-32964-pp. The Court further finds that these actions would at least support a finding of civil contempt.

     IT IS THEREFORE ORDERED: that these factual findings are certified to the United States District Court for consideration of whether sanctions should be imposed upon Ms. Carolyn A. Word for criminal contempt; and

     IT IS FURTHER ORDERED: that the Clerk of the Bankruptcy Court is directed to transmit to the United States District Court the record in connection with the jointly-administered cases *In re King*, Case No. 17-31741-BEH and *In re Taylor*, Case No. 18-26201-BEH, as well as the record from *In re White*, Case No. 11-36132-pp.

#####